# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TAMARA OGIER, as trustee for the bankruptcy estate of Lakeisha Fowler, Case No. 18:52927, <br><br> Plaintiff, <br><br> v. <br><br> M-ENTERTAINMENT PROPERTIES, LLC; PARADISE ENTERTAINMENT GROUP, INC.; M-ENTERTAINMENT & CONSULTANT SERVICE, INC.; MARVIN L. BROWN; and MICHAEL BARNEY, SR., <br><br> Defendants. | Case No. 1:19-cv-372-TWT |

**DEFENDANTS M-ENTERTAINMENT PROPERTIES, LLC, PARADISE ENTERTAINMENT GROUP, INC., -M-ENTERTAINMENT & CONSULTANT SERVICE, INC, MARVIN L. BROWN, AND MICHAEL BARNEY, SR.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants M-Entertainment Properties, LLC ("**M-Properties**"), Paradise Entertainment Group, Inc. ("**Paradise Entertainment**"), -M- Entertainment & Consultant Service, Inc. ("**M-Consulting**"), Marvin L. Brown ("**Mr. Brown**"), and Michael Barney, Sr. ("**Mr. Barney**") (collectively "**Defendants**"), by and through the undersigned counsel, respond to Tamara Ogier's, as trustee for the bankruptcy estate of Lakeisha Fowler ("**Ms. Fowler**"), Complaint ("**Complaint**") as follows:

- 1 -

## AFFIRMATIVE DEFENSES

Defendants set forth below the following affirmative and other defenses but expressly do not assume the burden of proof with respect to any such defense that they are not otherwise required to bear under the applicable law or rule.

### First Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Defense

The Complaint is barred in whole or in part because M-Properties, M-Consulting, Mr. Brown, and Mr. Barney have never been Ms. Fowler's employer, and she was not their "employee" as that term is defined in the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("**FLSA**").

### Third Defense

Plaintiff's claims are barred by the applicable statute of limitations. Specifically, because Defendants did not willfully violate the FLSA, a two-year statute of limitations applies to Plaintiff's claims. The Complaint was filed on January 22, 2019. The earliest date for which Plaintiff would have a claim is January 22, 2017. To the extent Plaintiff attempts to assert minimum wage claims from prior to January 22, 2017, they are barred.

**Fourth Defense**

Plaintiff's claims are barred in whole or in part because at all relevant times Defendant Paradise Entertainment properly paid Ms. Fowler a $2.13/hour minimum wage for all hours worked in accordance with 29 U.S.C. § 203(m), and Defendants did not confiscate or require Ms. Fowler to hand over any portion of her earned tips to Defendants or any other person. Ms. Fowler did not pay any "house fees" at any time after June 16, 2016. At all times after June 16, 2016, Paradise Entertainment charged its patrons a service charge of $10.00 per table dance. Dancers were responsible for collecting this service charge on behalf of Paradise Entertainment. Any additional money collected by a dancer over and above the service charge constituted her earned tips. At the end of each shift, Ms. Fowler was required to report her number of "sales," *i.e.*, dances, to Paradise Entertainment and remit only the service charges for those sales.

**Fifth Defense**

Plaintiff's claims are barred in their entirety pursuant to 29 U.S.C. § 259(a) because Defendants relied in good faith on the written administrative interpretation of the Administrator of the Wage and Hour Division of the Department of Labor guidance concerning tipped employees, tip credits, and service charges. For example, and without limitation, Defendants followed the guidance set forth in:

(a) Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA); (b) the Administrator's regulation, 29 C.F.R. § 531.55; and (c) the interpretation of 29 C.F.R. § 531.55 by the United States District Court for the Northern District of Georgia in *Vaughan v. M-Entm't Properties, LLC*, No. 1:14-CV-914-SCJ, 2016 WL 7365201, at *11 (N.D. Ga. Mar. 15, 2016) (explaining that the "plain language" of 29 C.F.R. § 531.55 allows an employer to count money collected by dancers as service charges if the employer "include[s] such service fees in its gross receipts").

## Sixth Defense

Pursuant to 29 U.S.C. § 260, Defendants should not be required to pay any award of liquidated damages because, at all relevant times, Defendant Paradise Entertainment believed in good faith that it was paying its dancers a proper minimum wage for tipped employees for all hours worked, and that it was not improperly confiscating its employees' tips. Defendant Paradise Entertainment had reasonable grounds for believing that its acts or omissions would not violate of the FLSA. Among other things, Paradise Entertainment relied in good faith upon the opinion of the court in *Vaughan v. M-Entm't Properties, LLC*, No. 1:14-CV-914-SCJ, 2016 WL 7365201, at *11 (N.D. Ga. Mar. 15, 2016), to determine how to handle service charges, minimum wages, tips, and tip credits in compliance with the FLSA.

## Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver. For example, at the end of each shift, Ms. Fowler reported her number of "sales," *i.e.*, dances, to Paradise Entertainment and remitted the $10/dance service charge for each sale. Accordingly, Ms. Fowler waived her right to claim that the money remitted for each sale was anything other than a service charge, and she should be estopped from making any similar claim.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, accord and satisfaction, license, release, setoff, offset, and recoupment because Ms. Fowler was fully paid for her work as a tipped employee in accord with the FLSA.

## Ninth Defense

Plaintiff is not entitled to attorneys' fees, costs, or expenses in this action because her claims are improperly plead, lack evidentiary support, and are subject to dismissal.

## Tenth Defense

The Complaint is barred in whole or in part to the extent that any of Ms. Fowler's damages have been set off. For example, and without limitation, Defendants believe that Ms. Fowler may have underreported her sales and thereby

retained service charges that she was otherwise obligated to report and remit to Defendant Paradise Entertainment. Any improperly retained service charges should be set off against Plaintiff's alleged damages, if any.

**Eleventh Defense**

Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

**RESPONSE TO ENUMERATED ALLEGATIONS**

Without waiving the defenses set forth herein, but insisting and relying upon each of them, and answering that all allegations in the Complaint are specifically denied unless otherwise admitted, Defendants respond to the individually numbered paragraphs of the Complaint as follows:

**INTRODUCTION**

1.

Defendants deny the allegations of paragraph 1 of the Complaint.

2.

Defendants deny the allegations of paragraph 2 of the Complaint. Defendants admit only that the Court has subject matter jurisdiction over FLSA claims.

3.

Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 3, and those allegations therefore stand denied. Defendants admit only that venue is proper in this district.

**THE PARTIES**

4.

Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 4, and those allegations therefore stand denied.

5.

Defendants admit the allegations of paragraph 5 of the Complaint.

6.

Defendants admit the allegations of paragraph 6 of the Complaint.

7.

Defendants admit the allegations of paragraph 7 of the Complaint.

8.

Defendants admit the allegations of paragraph 8 of the Complaint.

9.

Defendants admit the allegations of paragraph 9 of the Complaint.

10.

Defendants admit the allegations of paragraph 10 of the Complaint.

11.

Defendants admit the allegations of paragraph 11 of the Complaint.

12.

Defendants admit the allegations of paragraph 12 of the Complaint.

13.

Defendants admit the allegations of paragraph 13 of the Complaint.

14.

Defendants admit the allegations of paragraph 14 of the Complaint.

15.

Defendants admit the allegations of paragraph 15 of the Complaint.

16.

Defendants admit the allegations of paragraph 16 of the Complaint.

17.

Defendants admit the allegations of paragraph 17 of the Complaint.

18.

Defendants admit the allegations of paragraph 18 of the Complaint.

19.

Defendants admit the allegations of paragraph 19 of the Complaint.

**FACTUAL ALLEGATIONS**

**Corporate Employer and FLSA Coverage Allegations**

20.

Defendants deny the allegations of paragraph 20 of the Complaint. Defendants admit only that Paradise Entertainment operates Magic City, an adult entertainment nightclub in Atlanta, Georgia.

21.

Defendants deny the allegations of paragraph 21 of the Complaint.

22.

Defendants admit the allegations of paragraph 22 of the Complaint.

23.

Defendants deny the allegations of paragraph 23 of the Complaint.

24.

Defendants deny the allegations of paragraph 24 of the Complaint.

25.

Defendants deny the allegations of paragraph 25 of the Complaint.

26.

Defendants deny the allegations of paragraph 26 of the Complaint.

27.

Defendants deny the allegations of paragraph 27 of the Complaint.

28.

Defendants deny the allegations of paragraph 28 of the Complaint.

29.

Defendants deny the allegations of paragraph 29 of the Complaint.

30.

Defendants admit the allegations of paragraph 30 of the Complaint.

31.

Defendants deny the allegations of paragraph 31 of the Complaint as stated.

32.

Defendants deny the allegations of paragraph 32 of the Complaint. Defendants admit only that, at all relevant times, Defendant Paradise Entertainment paid Fowler $2.13 per hour for all hours worked plus a tip credit equal to her earned tips.

33.

Defendants deny the allegations of paragraph 33 of the Complaint. Defendants admit only that, at all relevant times, Defendant Paradise Entertainment treated

Fowler as a W-2 tipped employee.

34.

Defendants deny the allegations of paragraph 34 of the Complaint. Defendants admit only that, at all relevant times, Defendant Paradise Entertainment required Fowler to record her tips received for each shift.

35.

Defendants deny the allegations of paragraph 35 of the Complaint.

36.

Defendants deny the allegations of paragraph 36 of the Complaint as stated. Defendants admit only that Defendant Paradise Entertainment was Fowler's employer within the meaning of the FLSA beginning June 16, 2016.

37.

Defendants deny the allegations of paragraph 37 of the Complaint.

38.

Defendants refer all questions of the law to the Court, and the allegations of paragraph 38 of the Complaint therefore stand denied.

39.

Defendants deny the allegations of paragraph 39 of the Complaint as stated and refer all questions of law to the Court.

40.

Defendants deny the allegations of paragraph 40 of the Complaint as stated and refer all questions of law to the Court.

41.

Defendants deny the allegations of paragraph 41 of the Complaint as stated and refer all questions of law to the Court.

42.

Defendants deny the allegations of paragraph 42 of the Complaint as stated and refer all questions of law to the Court.

43.

Defendants deny the allegations of paragraph 43 of the Complaint as stated and refer all questions of law to the Court.

44.

Defendants deny the allegations of paragraph 44 of the Complaint as stated and refer all questions of law to the Court.

**Individual Employer Allegations**

45.

Defendants admit the allegations of paragraph 45 of the Complaint.

46.

Defendants deny the allegations of paragraph 46 of the Complaint.

47.

Defendants deny the allegations of paragraph 47 of the Complaint.

48.

Defendants deny the allegations of paragraph 48 of the Complaint. Defendants admit only that Defendant Barney, through M-Consulting, provided consulting services to Paradise Entertainment concerning the operation of Magic City.

49.

Defendants deny the allegations of paragraph 49 of the Complaint.

50.

Defendants deny the allegations of paragraph 50 of the Complaint.

**FLSA Violation**

51.

Defendants deny the allegations of paragraph 51 of the Complaint.

52.

Defendants deny the allegations of paragraph 52 of the Complaint.

53.

Defendants deny the allegations of paragraph 53 of the Complaint.

## COUNT I—FAILURE TO PAY MINIMUM WAGE

54.

Defendants hereby incorporate the admissions and denials of paragraphs 1 through 53 of the Complaint.

55.

Defendants deny the allegations of paragraph 55 of the Complaint. Defendants admit only that, in June 2016, Fowler became a W-2 employee of Paradise Entertainment.

56.

Defendants deny the allegations of paragraph 56 of the Complaint.

57.

Defendants deny the allegations of paragraph 57 of the Complaint.

58.

Defendants deny the allegations of paragraph 58 of the Complaint.

59.

Defendants deny the allegations of paragraph 59 of the Complaint.

60.

Defendants deny the allegations of paragraph 60 of the Complaint.

61.

Defendants deny the allegations of paragraph 61 of the Complaint.

62.

Defendants deny the allegations of paragraph 62 of the Complaint.

63.

Defendants deny the allegations of paragraph 63 of the Complaint.

64.

Defendants deny the allegations of paragraph 64 of the Complaint.

Defendants deny the allegations contained in Plaintiff's prayer, beginning with "WHEREFORE," and deny that Plaintiff is entitled to any judgment or relief whatsoever. Any allegation stated in the Complaint which is not specifically admitted herein stands denied.

**WHEREFORE**, having fully answered the Complaint, Defendants respectfully request that the Court:

1.    Dismiss the Complaint;

2.    Enter judgment in favor of Defendants;

3.    Tax all costs against Plaintiff;

4.    Award Defendants their reasonable attorneys' fees and expenses of litigation; and

5.      Grant such other relief as the Court deems just, equitable, and proper

Respectfully submitted this 11th day of April, 2019.

**FREED HOWARD, LLC**

*s/ F. Beaumont Howard*
Gary S. Freed
Georgia Bar No. 275275
F. Beaumont Howard
Georgia Bar No. 142641
Desmond M. Dennis
Georgia Bar No. 511943
101 Marietta St., NW
Suite 3600
Atlanta, Georgia 30303
470-839-9300
470-839-9301 (fax)
gary@freedhoward.com
beau@freedhoward.com
desmond@freedhoward.com

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Counsel for Defendants certifies that this document has been prepared in a Times New Roman, 14-point font and otherwise complies with Local Rule 5.1(C), NDGa.

This 11th day of April, 2019.

> **FREED HOWARD, LLC**
>
> *s/ F. Beaumont Howard*
> F. Beaumont Howard
> Georgia Bar No. 142641
>
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **Defendants M-Entertainment Properties, LLC, Paradise Entertainment Group, Inc., -M-Entertainment & Consultant Service, Inc, Marvin L. Brown, And Michael Barney, Sr.'s Answer And Affirmative Defenses to Plaintiff's Complaint** upon all counsel via the Court's CM/ECF system, which will automatically serve all counsel of record as follows:

Matthew W. Herrington
Charles R. Bridgers
Delong, Caldwell, Bridgers,
Fitzpatrick & Benjamin, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

This 11th day of April, 2019.

**FREED HOWARD, LLC**

*s/ F. Beaumont Howard*
F. Beaumont Howard
Georgia Bar No. 142641

*Attorneys for Defendants*

- 18 -